UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP E. GRIMES, SR.,

    Plaintiff,

No. C 08-1974 PJH

**ORDER DISMISSING
COMPLAINT AND DENYING
REQUEST TO PROCEED
IN FORMA PAUPERIS**

v.

VALLEJO SOCIAL SECURITY,

    Defendant.

_____/

On April 15, 2008, plaintiff filed the complaint in this case alleging claims for civil rights violations, defamation of character, libel, and discrimination. Plaintiff also filed a request to proceed *in forma pauperis*. Plaintiff, however, utilized a form complaint for judicial review of a decision of the Commissioner of Social Security, and the clerks office for this court subsequently characterized the case as a social security *appeal*. Because it appeared to the court that this case may have been improperly characterized as a social security appeal, on May 7, 2008, the court ordered plaintiff to file no later than May 21, 2008:

> a written supplement clarifying the nature of his complaint, and specifically, stating whether he has already appeared before an ALJ in this matter, and is appealing an ALJ's denial of his application for social security benefits. If plaintiff is *not* appealing the denial of social security benefits but is instead attempting to sue a public agency for civil rights violations, he must file an amended complaint setting forth the factual and legal bases for his claims. Plaintiff must also identify with more precision who he is suing, as "Vallejo Social Security" does not enable a process server to find the defendant.

In the May 7, 2008 order, the court further advised plaintiff that a social security appeal

1  requires a final decision by an administrative law judge or "ALJ" denying him disability
2  benefits pursuant to 42 U.S.C. § 405(g). The court noted that the standards for
3  evaluating plaintiff's application to proceed *in forma pauperis* differ depending on
4  whether plaintiff is appealing a decision of an ALJ or is filing a civil complaint alleging
5  certain claims in the first instance. The court noted that if plaintiff is suing on claims that
6  are not an appeal of alleged error(s) committed by an ALJ, then the court will screen
7  plaintiff's complaint under 28 U.S.C. § 1915.

8  Plaintiff failed to file the supplement or amended complaint, and on June 3, 2008,
9  the court issued an order to show cause, requiring plaintiff to respond no later than
10  Tuesday, June 17, 2008. On Wednesday, June 18, 2008, plaintiff filed an untimely
11  response to the court's order to show cause. That response failed to clarify the factual
12  and legal bases for plaintiff's claims, the defendant(s) plaintiff is suing, and also failed to
13  clarify whether plaintiff is pursuing a social security appeal or is asserting other civil
14  claims for relief. Plaintiff also requested the court allow him to file an audiotape
15  detailing his claims, and that the court excuse his delay because he is currently a victim
16  of mail tampering, identity theft, and harassment.

17  Subsequently, on July 7, 2008, the court issued an order denying plaintiff's
18  request to file the audiotape. The court also advised plaintiff that it would afford him one
19  final opportunity to file the written amended complaint or supplement required by the
20  court in its May 7, 2008 order. The court advised plaintiff that if he failed to file a written
21  response by Friday, July 18, 2008, the court would treat his case as a non-social
22  security appeal and screen it pursuant to 28 U.S.C. § 1915, and possibly dismiss it
23  thereunder for failure to state a claim.

24  Because plaintiff failed to file a written complaint or supplement, pursuant to the
25  court's July 7, 2008 order, the court is treating plaintiff's complaint as a non-social
26  security appeal and is screening it pursuant to 28 U.S.C. § 1915. Because there is no
27  legal or factual basis for the plaintiff's complaint, the court denies plaintiff's application
28  and dismisses the complaint *sua sponte.*

1    Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the
2 commencement . . . of any suit . . . without prepayment of fees and costs or security
3 therefor, by a person who makes affidavit that he is unable to pay such costs or give
4 security therefor."  In reviewing an application to proceed *in forma pauperis*, the court
5 may dismiss a case *sua sponte* if the court determines that the party applying for *in*
6 *forma pauperis* status has filed a frivolous action.  28 U.S.C. § 1915(e)(2).  For
7 purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in
8 either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal on these
9 grounds are often made *sua sponte* prior to the issuance of process, so as to spare
10 prospective defendants the inconvenience and expense of answering such complaints.
11 *Id.* at 324.  Where a litigant is acting *pro se* and the court finds the litigant's complaint
12 frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant
13 notice of the deficiencies of the complaint and an opportunity to amend before final
14 dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be
15 cured by amendment.  *Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).
16    As noted above, plaintiff states in his complaint that he is asserting claims for:
17 "(1) civil rights violations; (2) defamation of character-lible [sic]; [and] (3) discrimination."
18 Plaintiff has offered absolutely no facts in support of his claims, and it is therefore
19 impossible to discern from his complaint the precise legal theories under which he
20 seeks relief.  Additionally, plaintiff has not demonstrated that the federal courts have
21 subject matter jurisdiction over his claims.  The federal courts are only permitted to hear
22 disputes that arise from a violation of a federal law, or disputes between citizens of
23 different states with over $75,000 in dispute.  *See* 28 U.S.C. §§ 1331, 1332.  As such,
24 plaintiff must demonstrate either that he and all defendants are citizens of different
25 states, or that the defendant(s) have violated her federal rights.  Plaintiff has
26 demonstrated neither.
27    Accordingly, pursuant to its authority under 28 U.S.C. § 1915, the court hereby
28 DISMISSES plaintiff's complaint for lack of subject matter jurisdiction, for failure to state

a claim, and because as such, it is frivolous. However, the court will nonetheless allow plaintiff an opportunity to file an amended complaint. For that amended complaint to be successful, plaintiff must demonstrate a basis for federal subject matter jurisdiction, must allege separate causes of action, must state a constitutional or statutory basis for each cause of action, and must allege facts showing each defendant's personal involvement in the wrongful act alleged in each cause of action, as well as plaintiff's harm or injury. Any amended complaint must be filed no later than **August 27, 2008.**

If plaintiff fails to file the amended complaint by August 27, 2008, or if he files an amended complaint not in accordance with the above instructions, the case will be dismissed with prejudice.

Because the court orders dismissal pursuant to 28 U.S.C. § 1915, plaintiff's request to proceed in forma pauperis is DENIED.

**IT IS SO ORDERED.**

Dated: July 28, 2008

PHYLLIS J. HAMILTON
United States District Judge

- 4 -

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP E GRIMES, SR.,

        Plaintiff,

  v.

SOCIAL SECURITY et al,

        Defendant.
_____/

Case Number: CV08-01974 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Phillip E. Grimes
P.O. Box 3332
Vallejo, CA 94590

Dated: July 29, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk